**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.

**YIGIT C. BALTA**,

      Plaintiff,

v.

**NUSRET MIAMI LLC**,
a Florida Limited Liability Company,

      Defendant.

_____/

## COMPLAINT

Plaintiff YIGIT C. BALTA ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant NUSRET MIAMI LLC, a Florida Profit Corporation ("Defendant"), and as grounds states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant. Jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)) ("Title VII"), and the Florida Civil Rights Act, Fla. Stat. §§ 760.01-760.11 (the "FCRA").

2. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in Miami, Florida, and because Plaintiff worked for Defendant in Miami throughout his employment therewith.

**PARTIES**

5.      Plaintiff is a citizen of the United States and resided in the Southern District of Florida during all times pertinent to this complaint.  Plaintiff is over the age of eighteen and is otherwise *sui juris*.

6.      Plaintiff is a practicing Muslim who holds sincere beliefs in the religion of Islam.  Plaintiff is a member of a class protected under Title VII and the FCRA because the terms, conditions, and privileges of Plaintiff's employment were altered as a result of his religion.

7.      Defendant is a Florida limited liability company organized, existing, and authorized to do business in Florida, with its principal place of business located in Miami.  All facts which give rise to this Complaint occurred within the Southern District of Florida.

8.      During all times material to the present suit, Defendant has employed fifteen (15) or more individuals for each working day within twenty (20) or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9.      Plaintiff has exhausted all prerequisite administrative remedies by timely filing a charge of discrimination (the "Charge") against Defendant with the Equal Employment Opportunity Commission (the "EEOC"), which was dually filed with the Florida Commission on Human Relations (the "FCHR").

10.     Plaintiff's Charge was filed on or about December 6, 2022.  The actions complained of in Plaintiff's Charge occurred within 300 days preceding the Charge's date of filing.

11.     Defendant wrongfully terminated Plaintiff's employment on or about October 24, 2022. Plaintiff's Charge was therefore timely filed.

12. The EEOC issued Plaintiff's Notice of Right to Sue on July 5, 2023. The present suit has been filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

13. The FCHR did not issue any finding as to Plaintiff's Charge within 180 days of its filing.

14. All other conditions precedent to this action have been performed or have been waived.

### GENERAL ALLEGATIONS

15. Plaintiff performed work as a cook and kitchen worker for Defendant's restaurant from December 2018 through October 24, 2022.

16. Plaintiff was originally hired by Defendant's head chef, Velat Sari ("Mr. Sari"; Muslim).

17. While working under the supervision of Mr. Sari, Plaintiff was permitted to take breaks during slow periods of his shifts to engage in prayer and to break fast during Ramadan without being required to clock out.

18. In September 2021, Defendant hired a new head chef, Byron Rubio ("Mr. Rubio"; non-Muslim), who became Plaintiff's supervisor.

19. From the outset of Mr. Rubio's employment with Defendant, Mr. Rubio exhibited preferential treatment toward non-Muslim cooks and kitchen workers such as Javier (LNU; sous chef), Caesar (LNU; grill cook), and Dennis (LNU; grill cook).

20. For example, Mr. Rubio regularly permitted other cooks and kitchen workers under his supervision to take paid breaks during slow periods to engage in non-religious activities such as smoking cigarettes, talking on their cell phones, and eating food.

21. However, after Plaintiff explained to Mr. Rubio that Plaintiff was Muslim and requested to take breaks during slow periods to engage in religious prayer and/or break fast during Ramadan, Mr. Rubio demanded that Plaintiff clock out before taking breaks.

22. Following Plaintiff's request to Mr. Rubio to take breaks for prayer, Mr. Rubio began to reduce the number of hours that Plaintiff was scheduled. Mr. Rubio did not reduce the hours of kitchen workers who did not engage in Muslim religious activity at work.

23. On October 17, 2022, Plaintiff asked his acting supervisors Emre (LNU) and Javier if Plaintiff could take a break to recite prayers during the restaurant's slow period before the dinner rush. Emre and Javier approved Plaintiff's request and instructed Plaintiff to take his break and return to the kitchen before 7:00 p.m.

24. After receiving approval from his supervisors to take a break to pray, Plaintiff briefly left the kitchen to pray in the restaurant's locker room. Plaintiff returned to the kitchen at approximately 6:40 p.m. after reciting his prayers.

25. Upon Plaintiff's return to the kitchen, Defendant's human resources manager, Enjoli Collins ("Ms. Collins"; non-Muslim), chastised Plaintiff for taking his approved break to recite prayers, ordered Plaintiff to leave work for the day, and stated that Plaintiff was suspended from work indefinitely without pay pending an investigation by Defendant's human resources department.

26. On October 21, 2022, Plaintiff sent an email to Ms. Collins, Mr. Sari, and Mr. Rubio. In Plaintiff's email, he stated that he believed he was being discriminated against for taking breaks to recite his daily prayers, and that no other non-Muslim employee had been suspended or placed under investigation throughout Plaintiff's employment. Additionally, Plaintiff requested that Defendant provide Plaintiff with any information and documentation regarding the alleged investigation that Defendant was conducting.

27. On October 22, 2022, Plaintiff spoke with Ms. Collins over the phone, asked her whether the investigation had concluded, and requested that Ms. Collins provide Plaintiff with any findings

of the investigation. Ms. Collins responded that the investigation was ongoing, but Plaintiff could quit his job if he wanted to. Plaintiff stated to Ms. Collins that he did not want to quit his job and would wait to hear back regarding the results of the investigation.

28. On October 24, 2022, Ms. Collins called Plaintiff and notified him that Defendant's investigation was complete, and that Plaintiff's employment was terminated. However, neither Ms. Collins nor any other employee of Defendant provided Plaintiff with evidence or information collected during the alleged investigation.

29. To Plaintiff's knowledge, no other employee of Defendant was ever suspended, fired, or otherwise punished or placed under investigation for taking breaks to engage in non-religious activity throughout Plaintiff's employment with Defendant.

30. Plaintiff was fully qualified for his position in that Plaintiff worked for Defendant for nearly four years, receiving two promotions and three pay raises throughout his tenure with the company. Plaintiff possessed similar qualifications for his position as other cooks and kitchen workers who worked for Defendant.

31. Defendant's alleged reasons for its requirement that Plaintiff clock out to engage in religious activity, reduction of Plaintiff's scheduled hours, suspension, investigation, and termination of Plaintiff's employment are mere pretext for unlawful discrimination and retaliation.

32. If, however, the reasons proffered by Defendant for Plaintiff's clock-out requirement, reduction of hours, suspension, investigation, and termination are found to be with merit, Plaintiff's religion was a motivating factor in Defendant's decision to commit these adverse employment actions.

33. Plaintiff has retained the undersigned firm to prosecute this action on Plaintiff's behalf and has agreed to pay the firm a reasonable fee for its services.

34. Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendant if Plaintiff is the prevailing party in this action.

<u>**COUNT I – VIOLATION OF TITLE VII**</u>
**(DISCRIMINATION BASED ON RELIGION)**

35. Plaintiff re-adopts and re-alleges each factual allegation stated in paragraphs 1 through 34 as though set forth in full herein.

36. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§ 706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff based on his religion.

37. Plaintiff is a practicing Muslim who holds sincere beliefs in the religion of Islam, and is therefore a member of a protected class under Title VII.

38. Defendant, by and through its supervisors and other representatives, treated Plaintiff less favorably than non-Muslim and/or non-religious-practicing employees as alleged above.

39. Defendant did not treat Plaintiff the same as other non-Muslim and/or non-religious-practicing employees in that these employees: (i) were not required to clock out to take breaks during the restaurant's slow periods; (ii) did not have their scheduled hours reduced; and (iii) were not suspended, placed under investigation, and/or terminated for taking breaks at work.

40. Although Plaintiff possessed similar qualifications and performed the same job duties as non-Muslim and/or non-religious-practicing cooks and kitchen workers employed by Defendant, Defendant required Plaintiff to clock out to pray, reduced Plaintiff's hours, and suspended and terminated Plaintiff's employment because of his religion.

41. Defendant's disparate treatment toward Plaintiff including, but not limited to, Plaintiff's clock-out requirement, reduction of hours, suspension, investigation, and termination constitute adverse employment actions under Title VII.

42.     At all times material hereto, Defendant failed to comply with Title VII [42 U.S.C. 2000 e-2(a)], which states that "[i]t shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

43.     Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII as amended.

44.     Defendant's failure to adhere to the mandates of Title VII and its violations of the provisions of Title VII were willful.

45.     Defendant, through its practices and policies as an employer, willfully and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on the basis of his religion—in violation of Title VII with respect to Defendant's decision to treat Plaintiff different from non-Muslim and/or non-religious-practicing employees.

46.     If, however, the reasons proffered by Defendant are found to be with merit, Plaintiff's religion was a motivating factor in Defendant's decision to commit the adverse employment actions complained of herein.

47.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiff has suffered serious economic losses, as well as mental pain and suffering.

48.     Plaintiff is entitled to such affirmative relief as may be appropriate including, but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII, § 706(g).

49.     Plaintiff alleges that Defendant's actions were done with malice and intentional disregard for his protected rights under Title VII.  Defendant, by and through its managers, supervisors, and/or other agents, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees.  Therefore, Plaintiff is also entitled to recover punitive damages from Defendant in a sum according to proof at trial.

50.     Defendant's stated reasons for Plaintiff's clock-out requirement, reduction of hours, suspension, investigation, and termination are pretextual.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Title VII, § 706(g);

B.     Award punitive damages as permitted under the law;

C.     Award Plaintiff the costs of this action together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute;

D.     Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E.     Award Plaintiff such other and further relief as the Court deems appropriate.

51.     Plaintiff re-adopts and re-alleges each factual allegation stated in paragraphs 1 through 34 as though set forth in full herein.

52.     Plaintiff brings this action under the FCRA §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff based on his religion.

53.     Plaintiff is a practicing Muslim with sincerely held beliefs in the religion of Islam, and is therefore a member of a protected class under the FCRA.

54.     Defendant, by and through its supervisors and other representatives, treated Plaintiff less favorably than the other non-Muslim and/or non-religious-practicing employees as alleged above.

55.     Defendant did not treat Plaintiff the same as other non-Muslim and/or non-religious-practicing employees in that these employees: (i) were not required to clock out to take breaks during the restaurant's slow periods; (ii) did not have their scheduled hours reduced; and (iii) were not suspended, placed under investigation, and/or terminated for taking breaks at work.

56.     Although Plaintiff possessed similar qualifications and performed the same job duties as non-Muslim and/or non-religious-practicing cooks and kitchen workers employed by Defendant, Defendant required Plaintiff to clock out to pray, reduced Plaintiff's hours, and suspended and terminated Plaintiff's employment because of his religion.

57.     Defendant's disparate treatment toward Plaintiff including, but not limited to, Plaintiff's clock-out requirement, reduction of hours, suspension, investigation, and termination constitute adverse employment actions under the FCRA.

58.     Defendant is a sophisticated employer who has actual knowledge of the requirements of the FCRA.

59. Defendant's failure to adhere to the mandates of the FCRA and Defendant's violations of the provisions of the FCRA were willful.

60. Defendant, through its practices and policies as an employer, willfully and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on the basis of his religion—in violation of the FCRA with respect to Defendant's decision to treat Plaintiff different from non-Muslim and/or non-religious-practicing employees.

61. If, however, the reasons proffered by Defendant are found to be with merit, Plaintiff's religion was a motivating factor in Defendant's decision to commit the adverse employment actions complained of herein.

62. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff has suffered serious economic losses, as well as mental pain and suffering.

63. Plaintiff is entitled to such affirmative relief as may be appropriate including, but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of the FCRA.

64. Plaintiff alleges that Defendant's actions were done with malice and intentional disregard for his protected rights under the FCRA. Defendant, by and through its managers, supervisors, and/or other agents, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to recover punitive damages from Defendant in a sum according to proof at trial.

65. Defendant's stated reasons for Plaintiff's clock-out requirement, reduction of hours, suspension, investigation, and termination are pretextual.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.    Grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

B.    Award punitive damages as permitted under the law;

C.    Award Plaintiff the costs of this action together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute;

D.    Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E.    Award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III – VIOLATION OF TITLE VII
### (RETALIATION)

66.    Plaintiff re-adopts and re-alleges each factual allegation stated in paragraphs 1 through 34 as though set forth in full herein.

67.    During his employment with Defendant, Plaintiff made complaints to Ms. Collins, Mr. Rubio, and Mr. Sari regarding the disparate treatment to which Plaintiff was subjected.

68.    As a direct result of Plaintiff's complaints of discrimination, Defendant committed adverse employment actions against Plaintiff including, but not limited to, termination of Plaintiff's employment.

69.    Plaintiff alleges that Defendant's adverse actions were committed with malice and intentional disregard for Plaintiff's protected rights under Title VII.  Defendant, by and through its managers, officers, supervisors, and/or agents, authorized, condoned, and/or ratified the unlawful

conduct of its employees.  Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

70.     Defendant's stated reasons for its adverse employment actions against Plaintiff are pretextual.

71.     If, however, the reasons proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination were a motivating factor in Defendant's decision to commit the adverse employment actions complained of herein.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with Title VII, § 706(g);

B.     Award punitive damages as permitted under the law;

C.     Award Plaintiff the costs of this action together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute;

D.     Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E.     Award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (RETALIATION)

72.     Plaintiff re-adopts and re-alleges each factual allegation stated in paragraphs 1 through 34 as though set forth in full herein.

73. During his employment with Defendant, Plaintiff made complaints to complaints to Ms. Collins, Mr. Rubio, and Mr. Sari regarding the disparate treatment to which Plaintiff was subjected.

74. As a direct result of Plaintiff's complaints of discrimination, Defendant committed adverse employment actions against Plaintiff including, but not limited to, termination of Plaintiff's employment.

75. Plaintiff alleges that Defendant's actions were committed with malice and intentional disregard for Plaintiff's protected rights under the FCRA. Defendant, by and through its managers, officers, supervisors, and/or agents, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

76. Defendant's stated reasons for its adverse employment actions against Plaintiff are pretextual.

77. If, however, the reasons proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination were a motivating factor in Defendant's decision to commit the adverse employment actions complained of herein.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA.

B. Award punitive damages as permitted under the law;

C. Award Plaintiff the costs of this action together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute;

D.     Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E.     Award Plaintiff such other and further relief as the Court deems appropriate.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: <u>September 1, 2023</u>                    Respectfully submitted,

                                                */s/ P. Brooks LaRou*
                                                Nathaly Saavedra, Esq.
                                                Florida Bar No. 118315
                                                Email: nathaly@peregonza.com
                                                Juan J. Perez, Esq.
                                                Florida Bar No. 115784
                                                Email: juan@peregonza.com
                                                P. Brooks LaRou, Esq.
                                                Florida Bar No. 1039018
                                                Email: brooks@peregonza.com
                                                PEREGONZA THE ATTORNEYS, PLLC
                                                5201 Blue Lagoon Drive, Suite 290
                                                Miami, Florida 33126
                                                Telephone: (786) 650-0202
                                                Facsimile: (786) 650-0200
                                                *Counsel for Plaintiff*